# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORMAN PARADA,

    Petitioner,

v.

STEVE LANGFORD, Warden,

    Respondent.

Case No. CV 17-6033 JAK (MRW)

**ORDER DISMISSING ACTION**

The Court summarily dismisses Petitioner's habeas petition for lack of jurisdiction.

\* \* \*

1. Petitioner is an inmate at the federal prison facility at Lompoc, California. He filed a habeas petition in this Court under 28 U.S.C. § 2241 seeking review of a federal drug trafficking conviction.

2. Petitioner was convicted of the drug charge at trial in 2006 in the District of Kansas. The Tenth Circuit Court of Appeals affirmed the conviction. United States v. Parada, 577 F.3d 1275 (10th Cir. 2009).

3. Since then, Petitioner pursued numerous forms of post-conviction relief in the Kansas federal court. That court denied a motion under 28 U.S.C. § 2255 in 2013. United States v. Parada, 2013 WL 5205726 (D. Kan. 2013). The Tenth Circuit Court of Appeals denied a certificate of appealability. United States v. Parada, 555 F. App'x 763 (10th Cir. 2014).

4. After that, the Tenth Circuit "denied three separate motions for authorization to file a second or successive § 2255 motion" after his initial motion. United States v. Parada, 2017 WL 2225228 (D. Kan. 2017) (dismissing another habeas petition as successive).

5. Petitioner's current action in this district – which may be his sixth attempt at habeas relief following his conviction – raises claims of actual innocence, attacks the credibility of a witness, and alleges the use of defective jury instructions. (Docket # 1.)

6. Magistrate Judge Wilner issued an order after screening the petition. (Docket # 3.) Judge Wilner informed Petitioner that he likely was not entitled to further collateral review of his conviction. The Court instructed Petitioner to explain in a further submission why he was entitled to pursue this action in the Central District of California given the procedural history of his case.

7. Petitioner's submission conclusorily stated that he was entitled to take advantage of the "escape hatch" to § 2241 and 2255. (Docket # 5 at 3.) Petitioner also reasserted his claims of actual innocence and challenged the quantum of evidence against him at trial. (Id.)

* * *

8. If it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," the Court may summarily dismiss a habeas petition after filing and before a response from the government. Local Rule 72-3.2; see also Rule 4(b) of Rules Governing Section 2255 Cases in

United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief).

9. Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review in the district in which the inmate is confined. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

10. The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." Id. at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

11. A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Alaimalo, 645 F.3d at 1047 (quotation omitted).

12. Petitioner's habeas claims cannot get him through the escape hatch. Petitioner clearly has had several "unobstructed procedural shots" at challenging

his conviction – on direct appeal, in his previous Section 2255 motion, and in his numerous post-2255 filings – to raise these issues. Petitioner had his unobstructed shots; he just failed to succeed with them. Alaimalo, 645 F.3d at 1047. That does not entitle him to file the same legal challenges in another district.

13. The Court summarily concludes from the face of the petition and the supplemental statement that Petitioner's action is a disguised Section 2255 challenge to his conviction. This Court does not have jurisdiction to consider his claims. Harrison, 519 F.3d at 958.

Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: October 13, 2017  _____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE